IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-253 |
| | ) | |
| KRISTOPHER LEE DALLMANN, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

At issue in this criminal copyright infringement case is the government's motion (i) to order defendants to declare before trial whether they will assert an advice-of-counsel defense and (ii) to confirm waiver of the attorney-client privilege with respect to a memorandum Mr. Dallmann allegedly received from an attorney. The indictment in this case charges eight defendants[1] with conspiracy to commit criminal copyright infringement, in violation of 18 U.S.C. § 371, through the operation of Jetflicks, an online, subscription-based service that permitted users to stream copyrighted works without permission from the copyright owners.[2] The government alleges that Jetflicks was an illegal version of Netflix, namely a service where defendants obtained infringing digital copies of copyrighted television shows from pirate sites, processed and renamed those works, and then streamed and distributed them on an unlimited

---

[1] The eight defendants indicted by the grand jury are Kristopher Lee Dallmann, Darryl Julius Polo a/k/a djppimp, Douglas M. Courson, Felipe Garcia, Jared Edward Jaurequi a/k/a Jared Edwards, Peter H. Huber, Yoany Vaillant a/k/a Yoany Vaillant Fajardo, and Luis Angel Villarino. On December 12, 2019, Mr. Polo pleaded guilty to multiple criminal copyright infringement and money laundering charges including the conspiracy count that involves Jetflicks. On December 13, 2019, Mr. Villarino also pleaded guilty to the conspiracy count that involves Jetflicks.

[2] In addition to the conspiracy to commit copyright infringement charge, the grand jury charged Mr. Dallmann with (i) two counts of criminal copyright infringement by reproduction or distribution and aiding and abetting, in violation of 17 U.S.C. §§ 506(a)(1)(A) and 106(1) and (3), as well as 18 U.S.C. § 2319(b)(3) and 2; (ii) two counts of criminal copyright infringement by public performance and aiding and abetting, in violation of 17 U.S.C. §§ 506(a)(1)(A) and 106(4), as well as 18 U.S.C. § 2319(b)(3) and 2; (iii) money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i) and 2; and (iv) money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(3)(A) and (B) and 2.

1

basis to paying subscribers.

Willfulness is the *mens rea* that the government must establish for each of the criminal copyright infringement offenses that have been charged in this case.[3] *See, e.g., United States v. Liu*, 731 F.3d 982, 989 (9th Cir. 2013). A defendant's assertion of the advice-of-counsel defense is a way to "negate[] the element of willfulness." *United States v. Westbrooks*, 780 F.3d 593, 595–96 (4th Cir. 2015). Accordingly, the government has filed the instant motion because of concerns that one or more of the defendants may seek to assert an advice-of-counsel defense at trial, and that if a defendant asserts the advice-of-counsel defense during trial without providing advance notice or discovery to the government, such an assertion would require a delay mid-trial so that the government could conduct the necessary discovery and review of the attorney's advice.

For the reasons that follow, the government's motion is granted in part and denied in part. Specifically, the government's motion to order defendants to declare before trial whether they will assert an advice-of-counsel defense is granted, but the government's motion is denied to the extent it seeks to compel defendants to declare their intent now, long before trial. Accordingly, any defendant who intends to assert an advice-of-counsel defense must provide notice and discovery, but not until ten days prior to trial. The government's motion to confirm waiver of the attorney-client privilege with respect to a memorandum Mr. Dallmann allegedly received from an attorney is denied, without prejudice to the government's ability to renew the motion in the event additional evidence is presented concerning Mr. Dallmann's specific disclosures to the

---

[3] For the substantive copyright infringement offenses with which Mr. Dallmann is charged, the government must prove, among other elements, that Mr. Dallmann acted willfully—that is, that Mr. Dallmann "acted with knowledge that his conduct was unlawful." *United States v. Blankenship*, 846 F.3d 663, 671-73 (4th Cir. 2013). For the conspiracy to commit criminal copyright infringement charge, an element the government must prove is that the conspirators knew the criminal purpose of the conspiracy and that the conspirators willfully joined the conspiracy with the intent to further its unlawful purpose. *See United States v. Vinson*, 852 F.3d 333, 351 (4th Cir. 2017).

2

FBI.

# I.

As an initial matter, it is necessary to set forth the factual background pertinent to the disposition of the government's motion. According to the government, at least three pieces of information indicate that Mr. Dallmann, and potentially other defendants, may intend to assert the advice-of-counsel defense at trial.

First, the government claims that during a November 16, 2019 interview between Mr. Dallmann and the FBI, Mr. Dallmann said that he paid $3,000 to an unidentified attorney for legal advice regarding Jetflicks' streaming services. According to Mr. Dallmann, the attorney provided three categories under which Mr. Dallmann could operate Jetflicks, and Mr. Dallmann stated that a memo from the attorney that detailed these three permissible categories of operation would be among the records seized by the FBI. During the execution of search warrants at Mr. Dallmann's residences, the FBI did find a hard copy document that was marked as privileged. To date, neither the government nor the FBI has reviewed this document, but the government did produce the document in discovery.

Second, during that same November 16, 2019 interview with the FBI, Mr. Dallmann told agents that Jetflicks received a cease and desist letter from the Motion Picture Association of America (MPAA) around November 2012. Mr. Dallmann claimed that he brought this letter to the unidentified attorney, the attorney told Mr. Dallmann to ignore the letter, and Mr. Dallmann followed the attorney's advice.

Third, the government has learned that in 2012 or 2013 an attorney may have visited Jetflicks and opined on the legality of some part of the operation in the presence of Mr. Dallmann and other defendants. The government does not know whether this attorney is the

same person as the attorney Mr. Dallmann described in his interview with the FBI.

On December 15, 2019, the government asked counsel for the six remaining defendants to advise the government whether they intend to assert an advice-of-counsel defense at trial. Each counsel that responded to the government advised that they remain uncertain whether they will assert an advice-of-counsel defense. In addition, defendant Felipe Garcia's counsel reportedly expressed disagreement with the principle that assertion of an advice-of-counsel defense will constitute a waiver of the attorney-client privilege. On December 26, 2019, the government filed the instant motion (i) to order defendants to declare long before trial whether they will assert an advice-of-counsel defense,[4] and (ii) to confirm that the circumstances and content of Mr. Dallmann's FBI interview waived his attorney-client privilege with respect to a memorandum Mr. Dallmann allegedly received from an attorney. On January 9, 2020, Mr. Garcia filed a response to the government's motion, arguing that the defendants should not be required to provide pretrial notice of their intent to rely on the advice-of-counsel defense. Subsequently, defendants Dallmann, Vaillant, and Jaurequi filed motions to adopt Mr. Garcia's response as their own.

## II.

As noted, willfulness is the *mens rea* that the government must establish for each of the criminal copyright infringement offenses that have been charged in this case. *See, e.g.*, *United States v. Liu*, 731 F.3d 982, 989 (9th Cir. 2013). And a defendant's assertion of the advice-of-counsel defense is a way to "negate[] the element of willfulness." *United States v. Westbrooks*, 780 F.3d 593, 595–96 (4th Cir. 2015). In other words, the advice-of-counsel defense may be relevant if "the defendant, on the basis of counsel's advice, believed his conduct to be lawful and

---

[4] Specifically, the government requested notice by January 6, 2020 and relevant discovery by January 13, 2020.

4

thus could not be found to have had unlawful intent." *United States v. Beach-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989).

As an initial matter, it is constitutionally permissible to place on a defendant the burden of producing some evidence to establish the advice-of-counsel defense. *See Westbrooks*, 780 F.3d at 596 (finding that "a burden of production to establish a prima facie defense is distinct from the ultimate burden of proving an element of an offense beyond a reasonable doubt" in reference to the advice-of-counsel defense). Yet, it is important to note that this in no way shifts the ultimate burden of proof, which remains on the prosecution. It is equally important to note that "the law places no burden on any defendant to prove an affirmative defense beyond a reasonable doubt." *United States v. Gonzalez*, 58 F.3d 506, 512 (10th Cir. 1995). To the contrary, the defendant need only produce "more than a scintilla of evidence" regarding such a defense, while the burden remains on the government to prove beyond a reasonable doubt every element of the offenses charged. *See United States v. Sligh*, 142 F.3d 761, 762 (4th Cir. 1998) (discussing affirmative defense of entrapment). Put simply, "the government must *prove* the element of willfulness, [but] the court may require the defendant to *produce* evidence supporting the advice-of-counsel defense." *Westbrooks*, 780 F.3d at 596. Thus, the defendant bears the initial burden of production, but the prosecution always retains the burden of persuasion, namely the burden of proving the defendant's guilty state of mind beyond a reasonable doubt.

Accordingly, to establish the advice-of-counsel defense, defendants must produce some evidence—more than a scintilla—showing that:

> (i) the advice was sought and received before taking action, (ii) they in good faith sought the advice of a professional whom they considered competent, (iii) the purpose of securing advice was to determine the lawfulness of future conduct, (iv) a full and accurate report was made to the professional of all material facts which the defendants knew and (v) they acted strictly in accordance with the advice of the professional who had been given a full report.

*United States v. O'Connor*, 158 F. Supp. 2d 697, 727–28 (E.D. Va. 2001) (citing *United States v. Polytarides*, 584 F.2d 1350, 1352 (4th Cir. 1978)). More recently, the Fourth Circuit consolidated these five elements into two, namely (i) full disclosure of all pertinent facts to an attorney, and (ii) good faith reliance on the attorney's advice. *United States v. Powell*, 680 F.3d 350, 356 (4th Cir. 2012) (citing *United States v. Butler*, 211 F.3d 826, 833 (4th Cir. 2000) (citing *United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981)); *see also United States v. O'Connor*, 158 F. Supp. 2d 697, 728 (E.D. Va. 2001).

If any defendant produces more than a scintilla of evidence that that defendant disclosed all pertinent facts to an attorney and relied on that attorney's advice in good faith, and therefore asserts an advice-of-counsel defense, then whether that defendant's advice-of-counsel defense negates the willfulness requirement is a matter to be considered by the jury in determining whether the government has proven defendant's guilt beyond a reasonable doubt. *See United States v. Thaggard*, 477 F.2d 626, 632 (5th Cir. 1973) ("Advice of counsel, when given on full disclosure of all the facts and followed in good faith, may be a matter to be considered by the jury in determining the appellant's guilt."); *Miller v. United States*, 277 F. 721, 726 (4th Cir. 1921) ("[W]here the question, as in this case, is one of intent, the advice [of counsel] and the good faith of the defendant is a defense to be considered by the jury.").

### III.

To date, no defendant has informed the government that he intends to assert the advice-of-counsel defense. But because of the potential for a defendant to assert the advice-of-counsel defense in this case, the government has requested pretrial notice and discovery of any advice-of-counsel defense to avoid unnecessary delay during trial.

The Federal Rules of Criminal Procedure do not specifically require that a defendant

provide pretrial notice of an advice-of-counsel defense. These Rules do provide, however, for pretrial notice of three types of defenses: alibi (Rule 12.1), insanity (Rule 12.2), and public authority (Rule 12.3). According to the Advisory Committee Notes, advance notice as to those defenses is required to permit the government to prepare for trial and to avoid the necessity of continuances in the middle of the trial. *See, e.g.*, Advisory Committee Note to Rule 12.2.

The three enumerated defenses as to which notice must be given under the Federal Rules of Criminal Procedure, like the advice-of-counsel defense, are "ordinarily fact-intensive defenses that are likely to create substantial problems of fairness and efficiency if raised for the first time during the trial." *United States v. Mubayyid*, No. 05-40026, 2007 WL 1826067, at *2 (D. Mass. June 22, 2007). Moreover, the insanity defense ordinarily requires pretrial disclosure by the defense of otherwise privileged information, namely information subject to the psychotherapist-patient privilege. Similarly, the advice-of-counsel defense may require the disclosure of privileged information, namely information subject to the attorney-client privilege. Thus, the existence of the pretrial notice requirement for these three enumerated defenses makes clear that there is no constitutional requirement or other impediment that prohibits requiring pretrial notice for those defenses. Similarly, there is no constitutional requirement or other impediment that prohibits requiring pretrial notice of the advice-of-counsel defense because that defense, like the ones enumerated in the Rules, is fact-intensive and is likely to cause problems of fairness and efficiency if not raised in advance of trial. *See id.*

Mr. Garcia argues that the fact that the Federal Rules of Criminal Procedure explicitly list three defenses with certain notice requirements, but not others, cautions against requiring notice for any additional defenses, including the advice-of-counsel defense. The need for caution is appropriately raised, but it is well-settled that district courts have inherent authority to impose

disclosure and notice requirements outside of the Federal Rules of Criminal Procedure.[5] Put simply, there is no doubt that federal courts possess the inherent power to order pretrial notice and discovery in criminal cases and that power is not limited to the three defenses listed in Rule 12.

Whether a district court can exercise its inherent authority to impose a pretrial notice and discovery requirement specifically with respect to the advice-of-counsel defense is a matter of first impression within the Fourth Circuit. Similarly, it appears that there is also no authority from another circuit on this issue, but there is district court authority. The majority of district courts that have considered the question have sensibly exercised their inherent authority to impose a pretrial notice and discovery requirement regarding the advice-of-counsel defense,[6] but

---

[5] *See United States v. Armstrong*, 517 U.S. 456, 475 (1996) (Breyer, J., concurring) ("[Rule 16] is intended to prescribe the minimum amount of discovery...[not] to limit the judge's discretion to order broader discovery.") (quoting Advisory Committee Note to Rule 16)); *United States v. Mubayyid*, No. 5-40026, 2007 WL 1826067, at *2 (D. Mass. June 22, 2007) (finding that courts have inherent authority to order notice and discovery of the advice-of-counsel defense outside Rule 16); *see also United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996) (district court had authority to require defendant to produce witness list prior to trial); *United States v. Kloepper*, 725 F. Supp. 638, 640 (D. Mass. 1989) (district court has inherent authority to order handwriting exemplars and fingerprints of defendant to be produced even though not specifically listed in Rule 16); *United States v. Hearst*, 412 F. Supp. 863, 870 (N.D. Cal. 1975) (defendant ordered to give government notice and discovery of novel defense of "brainwashing" by a cult group despite the fact that it did not fall within the strict dictates of Rule 12.2); *United States v. North*, 708 F. Supp. 399, 401 (D.D.C. 1988) (defendant ordered to produce to government pretrial classified documents upon which he intended to rely at trial); *United States v. Bender*, 331 F. Supp. 1074, 1075 (C.D. Cal. 1971) ("It has long been held that the [f]ederal [c]ourts possess inherent authority to order discovery and inspection.").

[6] *See United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) (finding that courts have inherent authority to order pretrial notice and discovery of the advice-of-counsel defense outside Rule 16); *United States v. Mubayyid*, No. 5-40026, 2007 WL 1826067, at *2 (D. Mass. June 22, 2007) (same); *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (requiring defendant to disclose documents and objects concerning his advice-of-counsel defense fourteen days before trial if defendant intends to raise the defense at trial); *United States v. Hatfield*, No. 06-cr-0550, 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) (requiring defendant to provide pretrial notice of intent to rely on advice-of-counsel defense and providing defendant one week post-notice to disclose all documents concerning their intended advice-of-counsel defense to the government); *United States v. Scali*, No. 16-CR-466, 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (requiring defendant to produce all discovery relating to any advice-of-counsel defense pretrial); *see also United States v. Crinel*, No. 15-61, 2016 WL 6441249, at *12 (E.D. La. Nov. 1, 2016) (requiring a defendant, if he wishes to assert an advice-of-counsel defense, to file a pretrial motion); *United States v. Impastato*, 535 F. Supp. 2d 732, 740 (E.D. La. 2008) (requiring pretrial briefing on the advice-of-counsel issue should defendant seek to put forth the defense).

at least two district courts have refused to impose such a requirement.[7]

The rationale for requiring pretrial notice and disclosure of a defendant's intention to assert the advice-of-counsel defense is persuasive. An advice-of-counsel defense is complex and may raise issues requiring additional briefing before trial. *See United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018). Specifically, the assertion of an advice-of-counsel defense may impact the scope of discovery otherwise permitted, namely the waiver of the attorney-client privilege over certain communications and/or documents related to the advice. *Id.* The complexity of the defense and the potential for discovery of otherwise privileged documents weigh heavily in favor of a pretrial notice and discovery requirement to avoid unnecessary delays during trial. Accordingly, it is appropriate to require the defendants in this case to provide notice and discovery should any defendant wish to assert an advice-of-counsel defense.

Although inherent authority exists to require pretrial notice and discovery regarding a defendant's assertion of the advice-of-counsel defense, it is important to exercise this authority only to the extent necessary to ensure a fair and efficient trial given the burden placed on the defendant and on the attorney-client privilege. The defendant's burden, namely revealing an aspect of their trial strategy pretrial, can be mitigated by requiring notice of intent to assert the advice-of-counsel defense only shortly before trial. Thus, notice of the intent to assert the advice-of-counsel defense need not be provided until ten days prior to trial, and related discovery need not commence until notice has been provided. *See, e.g., United States v. Crowder*, 325 F. Supp. 3d 131, 139 (D.D.C. 2018) (requiring defendant to provide notice and discovery two weeks prior

---

[7] *See United States v. Wilkerson*, 388 F. Supp. 3d 969, 975 (E.D. Tenn. 2019) (finding no good cause to compel defendants to disclose whether they intend to rely on an advice-of-counsel defense pretrial); *United States v. Meredith*, No. 3:12CR-143, 2014 WL 897373 (E.D. Ky. Mar. 6, 2014) (declining to impose pretrial notice and discovery of advice-of-counsel defense because it "would require the defendant to reveal his trial strategy pretrial").

9

to trial); *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (same).

## IV.

In the event a defendant asserts the advice-of-counsel defense, the question arises whether the attorney-client privilege is waived, and if so, to what extent the privilege is waived. In short, assertion of the advice-of-counsel defense warrants a limited waiver of the attorney-client privilege with respect to the communications or documents relied on to assert the defense.

Whether assertion of the advice-of-counsel defense constitutes a waiver of the attorney-client privilege is also a matter of first impression within the Fourth Circuit. Although the Fourth Circuit has not directly addressed the issue, the Fourth Circuit has made clear that "[s]elective disclosure [of attorney-client communications] for tactical purposes waives the [attorney-client] privilege." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (discussing waiver of the attorney-client privilege in the context of the issuance of grand jury subpoenas to attorneys that provided advice to the targets of a grand jury investigation). For a defendant to provide more than a scintilla of evidence in support of an assertion of the advice-of-counsel defense, the defendant would have to disclose the information provided to counsel and the advice received from counsel on which the defendant relied. Merely disclosing the advice received from the attorney would be a selective disclosure. Thus, the waiver certainly extends to the advice given by the attorney *and* any communication made or evidence submitted to the attorney upon which the attorney's advice is based.

Although there is not Fourth Circuit authority directly on point, other circuits that have considered the waiver issue in the context of the advice-of-counsel defense have reached the same result.[8] By asserting the advice-of-counsel defense, the client in the attorney-client

---

[8] *See United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989) ("Reliance on advice-of-counsel is an affirmative

relationship has made a conscious decision to inject the advice of counsel into the litigation. Thus, the assertion of the advice-of-counsel defense waives the attorney-client privilege over certain communications and documents. It is worth noting, however, that the extent of the waiver must be carefully circumscribed to protect the attorney-client privilege in other respects.[9] For example, the privilege is *not* waived with respect to issues and subjects beyond the information defendant submitted to the attorney on which the attorney's advice is based, the attorney's advice relied on by the defendant, and any information that would undermine the defense.[10]

In sum, assertion of the advice-of-counsel defense waives the attorney-client privilege to a limited extent, namely with respect to (i) communications or evidence that the defendant intends to introduce at trial to establish the defense and (ii) communications or evidence that would undermine the defendant's advice-of-counsel defense.[11]

---

defense" that "waive[s] the [attorney-client] privilege"); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995) ("The attorney-client privilege may be waived by a client who asserts reliance on the advice of counsel as an affirmative defense."); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("the attorney-client privilege cannot at once be used as a shield and a sword…the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications").

[9] *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("If we intend to serve the interests of justice by encouraging consultation with counsel free from the apprehension of disclosure, then courts must work to apply the privilege in ways that are predictable and certain.").

[10] District courts in other jurisdictions have sensibly determined that should a defendant decide to raise an advice-of-counsel defense at trial, "any communications or evidence [a] defendant[ ] intend[s] to use to establish the defense are subject to disclosure." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018). Moreover, even otherwise-privileged communications that a defendant does "*not* intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure 'in their entirety.'" *Id.* (quoting *United States v. Naegele*, 468 F. Supp. 2d 165, 174 n.8 (D.D.C. 2007)); *see also United States v. Hatfield*, No. 06-cr-0550, 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) (holding that if defendants "intend to rely on an advice of counsel defense" they must "disclose all documents concerning the[ ]…defense" including "not only those documents which support [their] defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense").

[11] If any defendant files notice of intent to assert the advice-of-counsel defense, and there is any dispute as to what communications or other evidence is discoverable, such a dispute can be resolved through a hearing and *in camera* review in accordance with *United States v. Zolin*, 491 U.S. 554 (1989).

11

# V.

Finally, the government has requested an order that states that Mr. Dallmann has waived any attorney-client privilege in any attorney memorandum providing advice about the operation of Jetflicks. Because Mr. Dallmann has not indicated an intention to assert an advice-of-counsel defense at trial yet, Mr. Dallmann has not waived the attorney-client privilege with respect to any such legal document on those grounds. In a footnote in their motion, the government asserts two additional grounds for Mr. Dallmann's waiver of the attorney-client privilege with respect to this attorney memorandum—namely, (i) Mr. Dallmann voluntarily disclosed the contents of the document and (ii) the "crime-fraud" exception to the attorney-client privilege applies.

First, the government argues that Mr. Dallmann voluntarily waived any attorney-client privilege in the attorney memorandum because during a November 16, 2019 interview, Mr. Dallmann told the FBI about the advice he received from an attorney and informed the FBI of the existence of a written memorandum already seized by the FBI. As an initial matter, the Fourth Circuit has made clear that a party can voluntarily waive the attorney-client privilege through disclosure. *See Hanson v. United States Agency for Int'l Dev.*, 372 F.3d 286, 293–94 (4th Cir. 2004) ("A client can waive an attorney-client privilege expressly or through his own conduct. Implied waiver occurs when a party claiming the privilege has *voluntarily* disclosed confidential information on a given subject matter to a party not covered by the privilege.").

The government, however, has not provided any evidence of precisely what Mr. Dallmann said during the FBI interview, and the nature and extent of Mr. Dallmann's disclosures determine whether or not Mr. Dallmann has voluntarily waived the attorney-client privilege with respect to the attorney memorandum. Specifically,

> An averment that lawyers have looked into a matter does not imply an intent to reveal the substance of the lawyers' advice. Where a defendant neither reveals

> substantive information, nor prejudices the government's case, nor misleads a court by relying on an incomplete disclosure, fairness and consistency do not require the inference of waiver.

*United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989) (citing *In re von Bulow*, 828 F.2d 94, 101-02 (2d Cir.1987); *United States v. Aronoff*, 466 F. Supp. 855, 862 (S.D.N.Y.1979)). Here, the government's brief does not make clear whether Mr. Dallmann disclosed the substance of the attorney memorandum or simply that an attorney memorandum existed. Without sufficient evidence as to the specific comments made by Mr. Dallmann to the FBI about the attorney memorandum at issue, it cannot be determined whether Mr. Dallmann has voluntarily waived his privilege in the document.

Second, the government argues that the "crime-fraud" exception to the attorney-client privilege allows the government to review the attorney memorandum. Again, the government has not provided sufficient evidence to make such a finding here. To be sure, the Fourth Circuit has made clear what the government must establish for application of the crime-fraud exception, namely

> (1) The client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud. Prong one of this test is satisfied by a *prima facie* showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed. Prong two may be satisfied with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity.

*In re Grand Jury Proceedings*, 401 F.3d 247, 251 (4th Cir. 2005) (internal citations omitted). This showing has not been made because the issue has not been adequately briefed. In fact, the argument has been relegated to a single paragraph in a footnote of the government's motion. Moreover, the government has not provided sufficient evidence regarding when Mr. Dallmann

allegedly admitted the scheme to commit copyright infringement began and when the advice of the attorney was sought.[12] Thus, whether the crime-fraud exception applies to the subject attorney memorandum cannot be determined on this record.

In sum, the government has not established that Mr. Dallmann has waived his attorney-client privilege in the subject attorney memorandum. Mr. Dallmann has not asserted an advice-of-counsel defense to date, and the government has not provided sufficient evidence either (i) that Mr. Dallmann voluntarily waived his attorney-client privilege in the attorney memorandum through disclosures made to the FBI during the November 16, 2019 interview or (ii) that the crime-fraud exception to the attorney-client privilege applies to the attorney memorandum. Thus, the government's motion to confirm a waiver of the attorney-client privilege with respect to this attorney memorandum must be denied without prejudice to the government's ability to renew the motion in the event the government presents additional evidence concerning Mr. Dallmann's specific disclosures to the FBI.

For the reasons set forth above, the government's motion is granted in part and denied in part. Any defendant who plans to assert an advice-of-counsel defense must provide notice and discovery, but must do so only ten days prior to trial. In addition, Mr. Dallmann has not waived his attorney-client privilege in the subject memorandum based on the evidence submitted to date.

An appropriate order will issue separately.

The Clerk is directed to provide a copy of this Opinion to all counsel of record.

Alexandria, Virginia
January 15, 2020

T. S. Ellis, III
United States District Judge

---

[12] To be sure, the government does allege that Mr. Dallmann admitted that he started downloading copyright television shows from illegal torrent sites in 2007. But this evidence has not been introduced via a sworn FBI 302 or other sworn affidavit. In addition, no date has been provided for the attorney memorandum at issue, so it remains unclear when the memorandum was provided in relation to the alleged criminal copyright infringement scheme.