# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, | |
| DOUGLAS M. COURSON, | |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI,<br>    a/k/a Jared Edwards, | |
| PETER H. HUBER, and | |
| YOANY VAILLANT,<br>    a/k/a Yoany Vaillant Fajardo, | |
|         *Defendants*. | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE
HEARING ON THE GOVERNMENT'S RENEWED MOTION
REQUESTING CONFIRMATION OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE**

The United States opposes Defendant Kristopher Lee Dallmann's Motion to Continue the March 13, 2020 hearing on the government's Renewed Motion Requesting Confirmation of Waiver of Attorney-Client Privilege. Now, just a few days before the March 13 hearing and with no prior notice, Mr. Dallmann wants to contest the facts, call at least four FBI agents as witnesses, and file a motion to suppress statements he made to the FBI in November 2017. As explained below, the motions deadline has long since passed. Moreover, Mr. Dallmann has had ample opportunity before today to dispute the evidence in the case, offer his own proof, subpoena witnesses, and/or file a suppression motion. He has done none of that. The Court

therefore should deny Mr. Dallmann's requested continuance, proceed with the March 13 hearing, and prohibit Mr. Dallmann from using the March 13 hearing as a forum for challenging the voluntariness of his *Mirandized* statements to the FBI or raising any other issues ancillary to the issue of waiver of the attorney-client privilege.

For any suppression claim Mr. Dallmann may contemplate, he has had sufficient facts to advance such an argument for months. On October 11, 2019, this Court ordered that motions be filed no later than January 6, 2020. (Minute Entry Order, Dkt. 107.) The government provided discovery to Mr. Dallmann well in advance of January 6, 2020. In particular, on October 4, 2019, the government provided to Mr. Dallmann's current counsel an FBI 302 report memorializing Mr. Dallmann's voluntary, *Mirandized* interview with the FBI. Then, on October 8, 2019, Mr. Dallmann's counsel provided a one-terabyte hard drive for purposes of receiving additional discovery, and the government thereafter produced to Mr. Dallmann on October 15, 2019, over 58,000 records. If Mr. Dallmann thought he had a colorable suppression claim, then there is no reason he could not have met the January 6, 2020 deadline. Indeed, it is telling that Mr. Dallmann's co-defendant, Jared Jaurequi, was able to file a timely, albeit unsuccessful, suppression motion. (Jaurequi Motion to Suppress, Dkt. 162.) Notably, FBI agents interviewed Mr. Jaurequi at the same time as Mr. Dallmann and for part of the time the two defendants were together, so any motion to suppress by Mr. Dallmann would have overlapped with that of Mr. Jaurequi's and could easily have been joined by Mr. Dallmann.

In addition, it is odd that Mr. Dallmann made no effort until a few days before this week's hearing to contest the facts of his interview. The government initially filed a motion regarding Mr. Dallmann's waiver of the attorney-client privilege and the need for a pretrial declaration of an advice-of-counsel defense on December 26, 2019, and proffered facts in

support.  (Gov't Mot., Dkt. 148.)  Mr. Garcia's counsel filed an opposition regarding the need for pretrial notice of an advice-of-counsel device, and Mr. Dallmann opted to adopt and join in that opposition.  (Def.'s Opp'n, Dkt. 167; Def.'s Mot. to Adopt, Dkt. 168.)  Mr. Dallmann neither contested the proffered facts nor offered any rebuttal to the government's argument on waiver of the attorney-client privilege.

After the Court denied without prejudice the waiver portion of the government's motion on sufficiency of the evidence, the government renewed its motion on February 12, 2020. (Gov't Renewed Mot., Dkt. 197.)  The government, again, summarized the pertinent facts, and—as specifically permitted by the Court (Court's Memorandum Opinion at 13-14 and Order at 2, Dkt. 184 and 185)—attached an FBI agent's sworn declaration and additional evidence in support.  The Court subsequently set a hearing *sua sponte* for March 13, 2020.

On February 25, 2020, Mr. Dallmann requested an additional week to respond, and the government did not object.  (Def.'s Mot., Dkt. 215.)  The Court granted an extension to March 4, 2020.  (Order, Dkt. 216.)  Mr. Dallmann then filed an opposition a day after the Court's deadline, and did so without explaining the basis for his untimeliness.  (Def.'s Opp'n, Dkt. 219.) Mr. Dallmann again did not contest any of the facts in the government's motion, other than make a few vague arguments regarding the date and contents of the attorney memorandum at issue (which has been submitted separately to the Court but which the undersigned have not reviewed).

Now, for the first time today, Mr. Dallmann's counsel emailed the government and requested the presence of at least four FBI agents at the March 13 hearing.  To the government's knowledge, defense counsel has made no effort to subpoena any of these agents or to comply with *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and the applicable Department

3

of Justice regulations.   Defense counsel also suggested that Mr. Dallmann wants to contest the facts at the hearing, raise new evidence, and file a motion to suppress.

The Court should not allow Mr. Dallmann, at the last minute, to compel testimony from numerous government witnesses and raise new arguments that he could have raised months ago or, at a minimum, could have briefed in opposition to the government's *two* motions concerning his waiver of attorney-client privilege or in connection with Mr. Jaurequi's motion to suppress.

Accordingly, the government asks the Court to deny Mr. Dallmann's requested continuance and proceed with the hearing on Friday as scheduled.   Further, the Court should disallow Mr. Dallmann from using Friday's hearing as a means to challenge the voluntariness of his statements to the FBI or other issues ancillary to the question of whether he waived the attorney-client privilege.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: March 10, 2020          By:          /s/
                                   Alexander P. Berrang
                                   Monika Moore
                                   William Fitzpatrick
                                   Assistant United States Attorneys
                                   U.S. Attorney's Office
                                   2100 Jamieson Avenue
                                   Alexandria, Virginia 22305
                                   Tel: 703-299-3700
                                   Fax: 703-299-3981
                                   Email: Alexander.P.Berrang@usdoj.gov
                                   Email: Monika.Moore@usdoj.gov
                                   Email: William.Fitzpatrick@usdoj.gov

By:       /s/
     Matthew A. Lamberti
     Senior Counsel
     Computer Crime and Intellectual Property Section
     United States Department of Justice
     1301 New York Avenue, NW, Suite 600
     Washington, DC 20530
     Tel: 202-514-1026
     Email: Matthew.Lamberti@usdoj.gov

## CERTIFICATE OF SERVICE

hereby certify that on March 10, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF) of the foregoing to the attorneys of record for the defendants.

By: _____/s/_____
Alexander P. Berrang
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Alexander.P.Berrang@usdoj.gov