IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KRISTOPHER LEE DALLMANN,<br><br>*Defendant*. | Crim. No. 1:19-CR-253<br><br>The Honorable T.S. Ellis, III |

### GOVERNMENT'S SUR-REPLY TO DEFENDANT KRISTOPHER LEE DALLMANN'S REPLY TO THE GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE

In his Reply, Defendant Kristopher Lee Dallmann makes a new legal argument regarding cellphone searches absent from his original Motion, misstating Fourth Circuit law.  The United States of America files this brief Sur-Reply to respond.

On pages 9 and 10 of his Reply, Dallmann claims that the government violated his rights by not obtaining a second warrant to search his cellphone after Federal Bureau of Investigation (FBI) agents seized it at his house.[1]  As support, he cites an unpublished Fourth Circuit opinion, *United States v. Burton*, 756 Fed. Appx. 295 (4th Cir. 2018).  However, that case is irrelevant and Dallmann's argument makes no sense.  In *Burton*, the officers seized Burton's cellphones without a search warrant during a voluntary interview pursuant to exigent circumstances (because they thought that Burton would destroy the data on the phones if he left the interview with them) and they then followed up two days later with a warrant.  In this case, agents seized Dallmann's cellphone pursuant to a search warrant.  Moreover, during the search, Dallmann consented in

---

[1] According to FBI records, agents seized the cellphone in Dallmann's bedroom.  *See* Gov't Opp., Exh. 1 (search diagram of Residence A, with the location labeled with letter "N").

writing to the search and seizure of that phone and its data, and even voluntarily provided his passcode. *See* Gov't Opp., Exh. 4.

Accordingly, even with this new argument, Dallmann fails to meet his burden to suppress his statements or other evidence. For the reasons set forth above and in the government's previously filed Opposition, the government asks the Court to deny his Motion.

Respectfully submitted,

Date: April 30, 2020

G. Zachary Terwilliger
United States Attorney

_/s/_
Matthew A. Lamberti
Special Assistant United States Attorney,
  Eastern District of Virginia
Senior Counsel,
  Computer Crime and Intellectual Property Section
United States Department of Justice
1301 New York Avenue, NW, Suite 600
Washington, DC 20530
Phone: (202) 514-1026
Email: Matthew.Lamberti@usdoj.gov

_/s/_
Alexander P. Berrang
Monika Moore
William E. Fitzpatrick
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Alexander.P.Berrang@usdoj.gov
Email: Monika.Moore4@usdoj.gov
Email: William.Fitzpatrick@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF) of the foregoing to the attorneys for the defendants.

By:          /s/
Matthew A. Lamberti
Special Assistant United States Attorney,
  Eastern District of Virginia
Senior Counsel,
  Computer Crime and Intellectual Property Section
United States Department of Justice
1301 New York Avenue, NW, Suite 600
Washington, DC 20530
Phone: (202) 514-1026
Email: Matthew.Lamberti@usdoj.gov