# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, | |
| DOUGLAS M. COURSON, | |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI, a/k/a Jared Edwards, | |
| PETER H. HUBER, and | |
| YOANY VAILLANT, a/k/a Yoany Vaillant Fajardo | |
| *Defendants*. | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANTS' REMOTE APPEARANCES AT UPCOMING HEARINGS

The Court has scheduled two hearings for June 19, 2020. One hearing concerns Defendant Kristopher Dallmann's Motion to Suppress, Dkt. 242, and the government's Motion Requesting Confirmation of Waiver of Attorney-Client Privilege, Dkt. 197. The other hearing concerns Defendant Jared Jaurequi's refusal to comply with the conditions of his pretrial release. Based on communications with counsel for Mr. Jaurequi, it is the understanding of the United States that Mr. Jaurequi wishes to appear remotely at least for purposes of the latter hearing (presumably by videoconference or teleconference). Mr. Jaurequi's explanation for why he wants to appear remotely suggests that Mr. Dallmann will seek to attend the suppression hearing

remotely, too.[1]

The government objects to remote appearances by the defendants. Both hearings will require the Court to make credibility determinations. For the suppression hearing, the government expects to show the patent falsity of the defendants' claims regarding the FBI's execution of search warrants in November 2017 and the circumstances under which the defendants agreed to voluntary, *Mirandized* interviews. The government thus expects the defendants will have to testify in an effort to substantiate their false allegations. As for the pretrial release violation hearing, the government expects Mr. Jaurequi similarly will have to testify if he is going to contest the allegations given the nature of alleged violations. If the defendants were to appear remotely, the government's ability to cross-examine the defendants with documentary evidence would be hampered, as would the Court's ability to evaluate the defendants' demeanors.

Accordingly, the government respectfully asks the Court to reject any requests by Mr. Dallmann or Mr. Jaurequi to appear remotely at the hearings set for June 19, 2020.

---

[1] Late on June 5, 2020, Mr. Jaurequi filed a motion to suppress his statements and evidence and a motion to adopt Mr. Dallmann's motion to suppress. (Dkt. 275 & 276.) Mr. Dallmann also filed a motion to adopt Mr. Jaurequi's motion to suppress statements and evidence. (Dkt. 277.) The government is prepared to address Mr. Jaurequi's claims at the June 19, 2020 hearing and will file an opposition prior to the hearing. To the extent Mr. Jaurequi wishes to attend the suppression hearing remotely, the government opposes such a request.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: June 7, 2020

By:     /s/
Alexander P. Berrang
Monika Moore
William Fitzpatrick
Assistant United States Attorneys
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3769
Fax: 703-299-3981
Email: Alexander.P.Berrang@usdoj.gov

By:     /s/
Matthew A. Lamberti
Senior Counsel
Computer Crime and Intellectual Property Section
United States Department of Justice

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:     /s/
Alexander P. Berrang
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3769
Fax: 703-299-3981
Email: Alexander.P.Berrang@usdoj.gov