# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, | |
| DOUGLAS M. COURSON, | |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI, a/k/a Jared Edwards, | |
| PETER H. HUBER, and | |
| YOANY VAILLANT, a/k/a Yoany Vaillant Fajardo, | |
| *Defendants*. | |

## MOTION TO QUASH

The United States of America, on behalf of Special Agents Timothy Lynch, Lance Shakespear, Alexis Brown, Jessica Marrone, and Curtis Cox of the Federal Bureau of Investigation, a bureau within the U.S. Department of Justice (DOJ), pursuant to Rule 17 of the Federal Rules of Criminal Procedure, moves the Court for an Order quashing the witness subpoenas issued in the above case commanding their appearance and testimony on June 19, 2020.

### INTRODUCTION AND FACTUAL BACKGROUND

On June 2, 2020, counsel for Defendant Kristopher Dallmann obtained subpoenas commanding FBI Special Agents Brown, Cox, Lynch, Marrone, and Shakespear to appear as

witnesses on June 19 at a hearing on a pending motion to suppress. (Dkt. 269.) The next day, on June 3, the government promptly advised the defendant's counsel by letter of the existence of, and requirements that must be satisfied, when seeking the testimony of federal employees. *See* 28 C.F.R. §§ 16.21, *et seq.*; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-69 (1951). The government has advised defense counsel that the government expects to call at the suppression hearing Special Agent Lynch and may call the other witnesses that defense counsel has subpoenaed. Yet, it is possible that Special Agents Brown, Cox, Marrone, and Shakespear are not all called at the hearing or that their testimony is more limited than the testimony that the defendant would seek if they were called in his case-in-chief.

With the hearing in less than two weeks, it remains unclear whether the defendant has served the subpoenas. The undersigned prosecutors have not (and cannot) accept service of the subpoenas, and nothing in this Motion should be interpreted as service of the subpoenas being accepted. Moreover, to date, the defendant's counsel has not complied with the applicable *Touhy* regulations.

**ARGUMENT**

**I.     Background on *Touhy* Regulations**

The Federal Housekeeping Statute, 5 U.S.C. § 301, gives federal agencies the statutory authority to prescribe regulations concerning the production of official information for litigation. "The Supreme Court has specifically recognized the authority of agency heads to restrict testimony of their subordinates by this type of regulation." *Boron Oil Company v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989); *see also United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) ("[F]ederal agencies may promulgate so-called *Touhy* regulations to govern the conditions and procedures by which their employees may testify about work-related issues at

trial."); *United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999) ("'[w]hen one considers . . . the possibility of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination [sic] as to whether subpoenas [for official federal information] will be willingly obeyed or challenged is obvious.'" (quoting *Touhy*, 340 U.S. at 468))). An agency's *Touhy* regulations apply in criminal cases. *E.g. Soriano-Jarquin*, 492 F.3d at 504 (approving district court's exclusion of Immigration and Custom Enforcement (ICE) employee's testimony due to defendant's failure to comply with *Touhy* regulations).

Once promulgated, an agency's *Touhy* regulations "have the force and effect of federal law . . . ." *Boron Oil*, 873 F.2d at 71 (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 295-96 (1979)). An agency's decision not to authorize the disclosure of official information pursuant to *Touhy* is in the nature of a privilege. *United States v. Rosen*, 520 F. Supp. 2d 802, 809 (E.D. Va. 2007). Once the court finds that agency has made a valid assertion of privilege, the agency's decision may be overturned *only if* the requesting party demonstrates that the information is material to the issues before the Court and that the witness would testify in a manner favorable to the defendant. *Id.* at 810–11; *United States v. Guild*, 341 F. App'x 879, 886 (4th Cir. 2009) (unpublished) (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982)).

DOJ's *Touhy* regulations are found at 28 C.F.R. §§ 16.21-16.29, and set forth the process by which a DOJ employee may be authorized to testify concerning information acquired as part of the performance of that employee's official duties or because of that person's official status. When oral testimony is sought in a case in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished. *Id.* § 16.23(c). The DOJ employee may provide testimony concerning the information requested only if and when such

3

disclosure is authorized by the DOJ. *See*, 28 C.F.R. §§ 16.23–16.28. If DOJ determines not to authorize its employee to disclose such information in oral testimony, or if no final DOJ decision has been reached when the testimony is required, the DOJ employee is required to respectfully decline to comply with the request for information. 28 C.F.R. §§ 16.27–16.28.

## II. The Court Should Quash the Witness Subpoenas Due to Defendant's Failure to Comply with the DOJ *Touhy* Regulations

The United States hereby moves the Court for an Order quashing the subpoenas issued to the above-identified FBI Special Agents. The Supreme Court has made clear that federal agencies have authority to restrict the production of government documents, as well as testimony by government employees, by federal regulation. *See Touhy*, 340 U.S. 462 (1951). "*Touhy* is part of an unbroken line of authority which directly supports [the proposition] that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations." *Boron Oil Co.*, 873 F.2d at 69.

DOJ has issued *Touhy* Regulations, and these regulations govern the proposed testimony of the FBI Special Agents. The DOJ *Touhy* Regulations govern requests for testimony relating to "information acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status." 28 C.F.R. § 16.21. As explained above, a party seeking to obtain such testimony is required to provide a written summary of the information sought and its relevance to the proceedings. *See* 28 C.F.R. § 16.23(c). This summary must take the form of "an affidavit, or, if that is not feasible, a statement by the party seeking the testimony." *Id.*

To date, the defendant has failed to comply with these regulations. Counsel has not provided a written summary summarizing the testimony sought. To be sure, the government expects to call FBI Special Agent Lynch at the hearing and may call FBI Brown, Cox, Marrone,

4

or Shakespear.  Yet, if the government decides not to call these agents or their testimony is more limited than that which the defendant wishes to elicit, then, as a result of the defendant's non-compliance, the appropriate officials within DOJ have not authorized the subpoenaed FBI Special Agents to testify.  *See* 28 C.F.R. § 16.28.

The Fourth Circuit's decision in *Soriano-Jarquin* is particularly instructive.  That case involved a federal criminal prosecution in which the Defendant sought to call an ICE Special Agent as a witness.  The Defendant failed to comply with the Department of Homeland Security's *Touhy* regulations, and the district court granted the government's motion to exclude the testimony.  The Fourth Circuit affirmed the district court's decision, concluding that the *Touhy* Regulations applied to cases in which the United States was a party, and further holding that the defendant's failure to comply with the DHS *Touhy* Regulations provided a proper basis for preventing the defendant from calling the ICE Special Agent as a witness.  *Id.* at 504–05.

The defendant's failure to comply with the applicable *Touhy* regulations also is fatal to any attempt to overturn DOJ's decision not to authorize the requested testimony.  To overturn DOJ's decision, the defendant must demonstrate that the testimony he seeks is material to the issues before the Court and that the witnesses at issue would testify in a manner favorable to the defendant.  *Rosen*, 520 F. Supp. 2d at 810-11.  Because the defendant has not specified the testimony he seeks, it is unclear as to why the defendant thinks any of the testimony he seeks will be favorable to him.  Indeed, as the government's opposition to the defendant's motion to suppress demonstrates, the subpoenaed FBI Special Agents' testimony will not support the defendant's allegations regarding the search of his home in November 2017 or his voluntary interview.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the subpoenas issued to FBI Special Agents Brown, Cox, Lynch, Marrone, and Shakespear be quashed.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: June 7, 2020          By:          /s/
                                 Alexander P. Berrang
                                 Assistant United States Attorney
                                 U.S. Attorney's Office
                                 2100 Jamieson Avenue
                                 Alexandria, Virginia 22305
                                 Tel: 703-299-3700
                                 Fax: 703-299-3981
                                 Email: Alexander.P.Berrang@usdoj.gov

**CERTIFICATE OF SERVICE**

hereby certify that on June 7, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF) of the foregoing to the attorneys of record for the defendants.

                            By:         /s/
                                    Alexander P. Berrang
                                    Assistant United States Attorney
                                    U.S. Attorney's Office
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    Phone: (703) 299-3700
                                    Fax: (703) 299-3981
                                    Email: Alexander.P.Berrang@usdoj.gov