# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, | |
| DOUGLAS M. COURSON, | |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI,<br>a/k/a Jared Edwards, | |
| PETER H. HUBER, and | |
| YOANY VAILLANT,<br>a/k/a Yoany Vaillant Fajardo | |
| *Defendants*. | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANTS' MOTION TO RESET MOTIONS DEADLINE

Defendant Kristopher Dallmann, on behalf of himself and his co-defendants, has moved to reset two deadlines. Specifically, the defendants have asked this Court to require them to notice an advice-of-counsel defense no later than January 8, 2021, and they have asked this Court to extend the deadline for filing pretrial motions to November 13, 2020. The United States agrees with the former request and opposes the latter request.[1]

---

[1] In the government's view, no order is needed with respect to the deadline for noticing an advice-of-counsel defense. The Court's Order issued on January 15, 2020, Dkt. 185, holds that such notice must be provided at least 10 days in advance of trial. In addition, the Court's Order indicates that if the tenth day falls on a weekend or holiday, then the notice is to be provided no later than the last business day before the 10-day deadline. Therefore, under the

On September 27, 2019, this Court scheduled this case for trial on February 3, 2020. (Minute Entry Order (MEO), Dkt. 69.) Then, on October 11, 2019, this Court set a pretrial motions deadline of January 6, 2020. (MEO, Dkt. 107.) The government then moved to continue the trial on December 18, 2019, after it received a large volume of data from Canada pursuant to an outstanding mutual legal assistance request. (Gov't Mot., Dkt. 141.) The Court scheduled a hearing on the government's Motion for January 10, 2020, and vacated the January 6, 2020 motions deadline. (Order, Dkt. 147). Markedly, Defendant Jared Jaurequi still filed a motion to suppress statements on January 6, 2020; a motion that the Court ultimately denied. (Defs.' Mot. to Suppress, Dkt. 162; Order, Dkt. 195.)

At the January 10, 2020 hearing, the defendants ultimately joined in requesting a continuance of the trial. The Court granted a continuance, and reset trial for July 14, 2020. (MEO, Dkt. 174.) The Court also ordered that pretrial motions be filed by June 5, 2020. (*Id.*) Within the June 5 deadline, the parties filed three pretrial motions. The government has asked the Court to find that Mr. Dallmann waived privilege with respect to certain advice he received from an attorney, Mr. Dallmann has moved to suppress statements and evidence, and Mr. Jaurequi has filed a new motion to suppress statements and evidence. (Gov't's Mot. on Waiver of Privilege, Dkt. 197; Def.'s Mot. to Suppress, Dkt. 242; Def.'s Mot. to Suppress, Dkt. 275.) The government also has filed a motion *in limine* regarding the exclusion of certain categories of evidence. (Gov't's Mot., Dkt. 272.)

On May 12, 2020, the defendants sought another continuance due to the coronavirus pandemic and logistical and administrative challenges they have encountered in reviewing the

---

Court's Order, the continuation of trial to January 19, 2020, automatically moved this notice deadline to Friday, January 8, 2020. The government does not object, however, to an Order that makes the notice deadline clear for all parties.

voluminous discovery in this case. The government did not oppose this request. (Defs.' Mot. to Continue, Dkt. 253.) The defendants made no mention of needing additional time for pretrial motions. The Court granted the motion, and reset trial for October 20, 2020. (Order, Dkt. 256.) Then, two of the six remaining defendants requested an additional continuance due to a scheduling conflict. Again, no mention was made of a need for additional time to prepare pretrial motions. (Defs.' Mot. to Continue, Dkt. 260.) The Court granted this request, too, and continued trial to January 19, 2020. (Order, Dkt. 261.)

Now, on the day that pretrial motions were due, the defendants filed a motion asking the Court for permission to delay the filing of pretrial motions for over five months. The defendants provide no explanation for why they could not have complied with the June 5 deadline. The government has made numerous and substantial discovery productions to the defendants. Accordingly, the defendants not only have had ample time to formulate whatever pretrial motions they wish to pursue, but they also have had ample time to seek an extension of the motions deadline before June 5.

If the defendants are granted additional time to file pretrial motions, then the government will be unfairly disadvantaged and the Court's time and resources will be wasted. Consider, for instance, the late night filings that occurred on June 5, 2020. As previously noted, Mr. Jaurequi filed a motion to suppress statements that was devoid of support facts on January 6, 2020. (Def.'s Mot. to Suppress, Dkt. 162.) The Court denied this motion without prejudice, explaining that the defendant could renew his motion if he alleged facts that, if proven, would entitle him to relief. (Order, Dkt. 195.) Three months later, Mr. Dallmann filed his motion to suppress that contained a number of factual allegations (which the government disputes), and all parties have known since April 13, 2020, that a suppression hearing was set for June 19, 2020.

(MEO, Dkt. 249.) Incredibly, Mr. Jaurequi waited until late on June 5, 2020—a mere two weeks before the scheduled motions hearing—to not only move to adopt Mr. Dallmann's motion but also to file a new motion to suppress of his own, which Mr. Dallmann, in turn, has moved to adopt. (*See* Dkt. 276 & 277.)

The government is prepared to address Mr. Jaurequi's motion on June 19, opposes any continuation of the June 19 hearing, and will file an opposition in advance of that hearing. Yet, if defendants are permitted to file additional pretrial motions between now and November 13, 2020, then it is entirely possible that the witnesses that the government calls on June 19, 2020, will have to reappear for another hearing in the future to testify about the same events again. Such a result would not only unduly burden the government's witnesses, but it also would give the defendants multiple opportunities at the proverbial cross-examination apple—that is, defense counsel would get to question the same witnesses about the same events and topics repeatedly. This would be unfair to the government, and would waste the Court's time and resources, which are necessarily limited by the current coronavirus pandemic.

As a result, the government asks this Court to deny the defendants' request.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

Date: June 7, 2020        By:     /s/
                Alexander P. Berrang
                Monika Moore
                William Fitzpatrick
                Assistant United States Attorneys
                U.S. Attorney's Office
                2100 Jamieson Avenue
                Alexandria, Virginia 22314
                Tel: 703-299-3769
                Fax: 703-299-3981
                Email: Alexander.P.Berrang@usdoj.gov

                         By:     /s/
                Matthew A. Lamberti
                Senior Counsel
                Computer Crime and Intellectual Property Section
                United States Department of Justice

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 7, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:      /s/
Alexander P. Berrang
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3769
Fax: 703-299-3981
Email: Alexander.P.Berrang@usdoj.gov