## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, | |
| DOUGLAS M. COURSON, | |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI, a/k/a Jared Edwards, | |
| PETER H. HUBER, and | |
| YOANY VAILLANT, a/k/a Yoany Vaillant Fajardo, | |
| *Defendants.* | |

## MOTION TO COMPEL DISCLOSURE OF SEALED EXHIBITS
## TO THE UNITED STATES AND OPPOSITION TO DEFENDANT'S MOTION FOR
## LEAVE TO FILE EXHIBITS *EX PARTE* AND UNDER SEAL

On June 8, 2020, Defendant Kristopher Lee Dallmann filed a sealed motion to continue a motions hearing set for June 19, 2020.   (Def.'s Mot. to Continue, Dkt. 286.)   Then, on June 9, 2020, without first seeking leave of the Court, Mr. Dallmann filed eight exhibits in support of his Motion to Continue under seal and *ex parte*.   (Def.'s Exhibits, Dkt. 288.)   After the government inquired with counsel for Mr. Dallmann about these exhibits, Mr. Dallmann's counsel then moved for leave to file the exhibits *ex parte* and under seal.   (Def.'s Mot. to File, Dkt. 289.)  For the reasons set forth below, this Court should deny Mr. Dallmann's motion and require him

to disclose these exhibits to the government.

In support of this Motion, the government states as follows:

1.      Mr. Dallmann currently resides in Las Vegas, Nevada.   On June 9, 2020, the government contacted Mr. Dallmann's Pretrial Services Officer in Las Vegas, who advised that Mr. Dallmann refuses to comply with the Court's Order setting forth the terms of his supervised release.   (Order Setting Conditions of Release, Dkt. 102.)   Among other things, this Order requires Mr. Dallmann to report on a regular basis to Pretrial Services, actively seek employment, submit to drug testing if required by his pretrial services officer, and participate in substance abuse therapy and counseling if directed by his pretrial services officer.   (*Id.*)   Yet, according to the Pretrial Services Officer, Mr. Dallmann declines to take drug tests, refuses to provide medical records upon request (despite multiple requests for such records), and insists on conducting supervision checks by telephone call instead of videoconference.   This is so despite the Court entering an Order directing Mr. Dallmann to provide urine samples for drug testing. (May 12, 2020 Order, Dkt. 255.)   In other words, according to his Pretrial Services Officer, Mr. Dallmann will not comply with the Court's orders, and, in effect, is not currently being supervised.   The Court has scheduled a hearing for July 10, 2020, to address Mr. Dallmann's non-compliance with the terms of his pretrial supervision.   (Petition for Action on Conditions of Pretrial Release, Dkt. 257; Summons, Dkt. 259.)

2.      Co-defendant Jared Jaurequi is Mr. Dallmann's spouse.   Mr. Jaurequi lives with Mr. Dallmann, and, like Mr. Dallmann, refuses to comply with the Court's Order setting the terms of his supervised release.   (Order Setting Conditions of Release, Dkt. 63; Order Setting Conditions of Release, Dkt. 103).   Among other things, Mr. Jaurequi is required to report on a regular basis to Pretrial Services, seek employment, submit to drug testing if required by his

pretrial services officer, participate in substance abuse therapy and counseling if directed by the
pretrial services officer, and participate in a program approved by U.S. Probation/Pretrial
Services for mental health treatment.   (*Id.*)   Yet, according to information provided by Mr.
Jaurequi's Pretrial Services Officer in Las Vegas, Mr. Jaurequi last submitted to drug testing on
February 6, 2020 (a test that screened positive), and has repeatedly failed to report as required for
drug testing since then.   Moreover, Mr. Dallmann apparently has started joining Mr. Jaurequi's
calls with his Pretrial Services Officer, and these calls have devolved into Mr. Dallmann
screaming at, yelling at, and insulting Mr. Jaurequi's Pretrial Services Officer.   Incredibly, this
willful flouting of the Court's Order is occurring *after* the Court on December 6, 2019, and again
on January 10, 2020, found that Mr. Jaurequi had violated the conditions of his supervised
release (remanding him to custody for brief periods on both occasions), *after* Pretrial Services
filed a *third* petition on February 12, 2020, regarding Mr. Jaurequi's continued violations of his
conditions of supervised release (which currently is pending before this Court and is set to be
addressed on June 19, 2020), *after* the Court entered an Order on May 12, 2020, directing Mr.
Jaurequi to submit for drug testing, and *after* Pretrial Services filed an addendum to its third
petition.   (Dec. 6, 2019 Minute Entry Order (MEO), Dkt. 126; MEO, Dkt. 173; Pet. on Pretrial
Release Violation, Dkt. 199; May 12, 2020 Order, Dkt. 254; Addendum to Pet., Dkt. 264.)

     3.    Mr. Dallmann now seeks a continuance of the June 19, 2020 motions hearing on
the bases that: (a) he allegedly suffers from a particular health condition for which he supposedly
has been advised not to travel locally or domestically for up to 12 months; and (b) he does not
have internet access and thus cannot attend the hearing remotely.   In other words, Mr. Dallmann
seeks an indefinite continuance of the June 19 hearing and, by extension, other hearings that will
occur before the Court between now and June 2021, including the trial that has been set for

January 19, 2021.

4.      As noted above, this Court also has scheduled for June 19, 2020, a hearing on Mr. Jaurequi's violations of pretrial release.   Mr. Jaurequi, however, has advised this Court that he will not attend in person.   And, although Mr. Jaurequi's advisement made no mention of his lack of internet access, the government assumes he would make the same claim as Mr. Dallmann given that they reside together.   According to a physician's note provided by Mr. Jaurequi, Mr. Jaurequi cannot travel to Alexandria because he is Mr. Dallmann's "caregiver" and must remain "in close proximity" to Mr. Dallmann "throughout the day."   Markedly, Mr. Dallmann's and Mr. Jaurequi's Pretrial Services Officers neither are aware of why Mr. Dallmann would need a caregiver, nor why only Mr. Jarequi (as opposed to someone else, such as a trained home health aide) can provide Mr. Dallmann with the care he supposedly needs.

5.      As a result, both Mr. Dallmann and Mr. Jaurequi have put Mr. Dallmann's claimed health at issue with respect to the hearings set for June 19, 2020.   They also have cast doubt on all future hearings in this case, thus creating uncertainty not only for the government and its witnesses but also for the other defendants and the Court's management of its docket.

6.      In addition, the government is skeptical of Mr. Dallmann's and Mr. Jaurequi's claims, and believes that, at a minimum, the Court, Pretrial Services, and the government should have the opportunity to examine closely Mr. Dallmann's and Mr. Jaurequi's assertions.   For example, Mr. Dallmann's Pretrial Services Officer has advised undersigned counsel that, on May 14, 2020, Mr. Dallmann stated that: (1) he had applied to work at, and been approved by, DoorDash, which is an on-demand food delivery service; and (2) Mr. Jaurequi was leaving their residence to go grocery shopping and run errands.   Thus, if Mr. Dallmann is earning money by driving around Las Vegas, going into restaurants to pick up food, and delivering that food to

4

strangers, then he certainly is not complying with the medical advice he has received.[1]

Likewise, if Mr. Jaurequi is traveling to grocery stores and running errands, then the government

submits that he has misrepresented the extent to which he is homebound and unable to travel to

Alexandria.   Of course, what exactly Mr. Dallmann and Mr. Jaurequi do each day is unknown

because they refuse to comply with the terms of their pretrial release.

      7.     Likewise, there is reason to doubt Mr. Dallmann's claim that he lacks internet

access.   His Pretrial Services Officer advised on June 9, 2020, that Mr. Dallmann, in the context

of arguing about whether he needs to obtain employment, has claimed previously that Mr.

Jaurequi and he operate a robotics company called "B Rated Studios."   If true, the government

finds it hard to believe that Mr. Dallmann and Mr. Jaurequi could operate such a business

without internet access.

      8.     Now, on top of Mr. Dallmann's and Mr. Jaurequi's refusal to submit to

meaningful supervision, Mr. Dallmann has moved to continue the June 19, 2020 hearing and, in

support, filed eight sealed exhibits *ex parte.*   Defense counsel has represented to the government

that the exhibits pertain to Mr. Dallmann's health.   Yet, in email correspondence, defense

counsel has refused to provide copies to the government or provide a basis for withholding them.

It is likely that these exhibits are documents that even his Pretrial Services Officer has never

seen.

      9.     The government is unaware of any statute, procedural rule, or case that permits a

party to file exhibits *ex parte* in support of a motion to continue.   Indeed, Mr. Dallmann's

belated motion and memorandum for leave to file the exhibits *ex parte* and under seal (which

---

[1] According to news reports, despite the coronavirus pandemic, casinos and other
businesses in Las Vegas reopened on June 4, 2020, and many are packed with tourists.

Mr. Dallmann only filed after the government contacted his counsel and requested the exhibits and the rationale for not disclosing them) cites a Local Rule that does not exist ("Rule 49.1") and a Fourth Circuit case that makes no mention of *ex parte* filings (*In re Knight Pub. Co.*, 743 F.2d 231 (4th Cir. 1984).   Mr. Dallmann has provided no explanation whatsoever as to why the exhibits should be considered only on an *ex parte* basis.   Rather, his motion only puts forth a perfunctory argument for why the exhibits should be sealed.   The government, of course, has no issue with the exhibits being filed under seal or redacted pursuant to Rule 49.1 of the Federal Rule of Criminal Procedure.

(CONTINUED ON NEXT PAGE)

10.     This Court has directed the government to respond to Mr. Dallmann's Motion to

Continue, Dkt. 286, by Friday, June 12.   The government intends to oppose the motion, and

needs access to the supporting documentation in order to respond effectively.   The government

therefore asks this Court to deny Mr. Dallmann's motion for leave to file exhibits *ex parte* and

asks this Court to direct defense counsel promptly to provide copies of the exhibits filed *ex parte*.


Respectfully submitted,


G. Zachary Terwilliger
United States Attorney

Date:   June 9, 2020              By:   _____/s/_____
                                        Alexander P. Berrang
                                        Monika Moore
                                        William Fitzpatrick
                                        Assistant United States Attorneys
                                        U.S. Attorney's Office
                                        2100 Jamieson Avenue
                                        Alexandria, Virginia 22314
                                        Tel: 703-299-3769
                                        Fax: 703-299-3981
                                        Email: Alexander.P.Berrang@usdoj.gov

                                 By:   _____/s/_____
                                        Matthew A. Lamberti
                                        Special Assistant United States Attorney, Eastern
                                        District of Virginia
                                        Senior Counsel,
                                        Computer Crime and Intellectual Property Section
                                        United States Department of Justice
                                        1301 New York Avenue, NW, Suite 600
                                        Washington, DC 20530
                                        Phone: (202) 514-1026
                                        Email: Matthew.Lamberti@usdoj.gov

**CERTIFICATE OF SERVICE**

hereby certify that on June 9, 2020, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send a notification of that electronic filling (NEF)

of the foregoing to the attorneys of record for the defendants.


By:  _____/s/_____
                    Alexander P. Berrang
                    Assistant United States Attorney
                    U.S. Attorney's Office
                    2100 Jamieson Avenue
                    Alexandria, Virginia 22314
                    Phone: (703) 299-3700
                    Fax: (703) 299-3981
                    Email: Alexander.P.Berrang@usdoj.gov