IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KRISTOPHER LEE DALLMANN,<br><br>DOUGLAS M. COURSON,<br><br>FELIPE GARCIA,<br><br>JARED EDWARD JAUREQUI,<br>    a/k/a Jared Edwards,<br><br>PETER H. HUBER, and<br><br>YOANY VAILLANT,<br>    a/k/a Yoany Vaillant Fajardo<br><br>            *Defendants*. | Crim. No. 1:19-CR-253<br><br>The Honorable T.S. Ellis, III |

**GOVERNMENT'S OPPOSITION TO CONTINUATION OF
<u>MOTIONS HEARING OR PRETRIAL RELEASE VIOLATION HEARING</u>**

Almost two months ago, this Court scheduled a motions hearing for June 19, 2020, regarding motions filed by the government and Defendant Kristopher Dallmann. In addition, two weeks ago, this Court issued a summons directing Defendant Jared Jaurequi to appear on June 19 for a hearing regarding his refusal to comply with the conditions of his pretrial release. Now, both defendants have stated they will not appear in person on June 19 due to Mr. Dallmann's health. Mr. Dallmann wants the motions hearing continued, and presumably the same is true for Mr. Jaurequi.

The defendants' positions are untenable. The government generally is not opposed to reasonable accommodations for serious health conditions, and appreciates that Mr. Dallmann is concerned about his medical condition. A defendant, however, cannot use his health to delay proceedings excessively or to avoid pretrial supervision entirely. Here, continuing the June 19 hearings would do just that: no hearings could occur until Mr. Dallmann feels safe traveling to Alexandria (which, according to a note from his health care provider, may not be until June 2021) and/or he obtains internet service to enable his remote appearance from home; and, without the prospect of hearings, the defendants would be free to continue to flout this Court's orders and disregard their pretrial release obligations.

The United States therefore opposes the continuance of the motions hearing and the pretrial release violation hearing. The government, in turn, asks the Court to do the following: (1) deny Mr. Dallmann's motion, and advise Mr. Dallmann that he can make arrangements to appear in person or by video conference or else he will waive his appearance and the proceeding will occur without him; and (2) advise Mr. Jaurequi that he must appear in person on June 19, 2020, and that his failure to appear waives his right to be present at the motions hearing and a warrant for his arrest will issue for failing to appear at the pretrial release violations hearing.

In support of its opposition, the government states as follows:

1. The Court has made it known for months of its intent to resolve important, pending motions on June 19, 2020. The motions hearing originally was set for May 22, 2020, and, on April 13, 2020, this Court entered an order moving the motions hearing to June 19, 2020, in light of the Eastern District of Virginia's response to the coronavirus pandemic. (Order, Dkt. 249.) Likewise, on May 28, 2020, the Court set a hearing for June 19, 2020, on Mr. Jaurequi's contemptuous violation of the conditions of his pretrial release. (Order, Dkt. 264.)

2.      The government, for its part, has been diligently preparing for these hearings, expending time and resources in the process.   Indeed, even after Mr. Jaurequi filed a new motion to suppress on June 5, 2020, the government did not seek a continuance of the motions hearing.   (Mot. to Suppress, Dkt. 275.)   The government, instead, pivoted to address Mr. Jaurequi's claims and prepare its presentation of evidence to address this new filing.   This is because the government recognizes that the Court's resources and schedule are constrained by the coronavirus pandemic.   The motions and pretrial violations currently pending before the Court are important to the progression of the case, and, in the interest of efficiency and case resolution, can and should be resolved now.

3.      Standing in stark contrast to the government's efforts to advance the ball are Mr. Dallmann's (and, by implication, Mr. Jaurequi's) efforts to halt this case entirely.   Indeed, the continuance sought by Mr. Dallmann is, in effect, a request for an indefinite delay.   Mr. Dallmann tries to mitigate the breadth of his request, asking the Court to continue the motions hearing to "a later date, at the very earliest in the fall," but then immediately adds, "or until [his] health improves for travel to the District to appear in person."   (Def.'s Mot. to Continue at 2, Dkt. 286.)   When might his health improve?   Well, if the most recent health care provider to treat Mr. Dallmann is to be believed, his travel "limitation" is expected to last for 6 to 12 months. (*Id.* at 5.)   Of course, that's what his health care provider "anticipate[s]."   (*Id.*)   His health care provider does not bother to spell out the metrics for when Mr. Dallmann could travel safely other than pointing to the existence of the coronavirus.   But, what if the coronavirus is endemic and never goes away as some experts predict?   *See* William Wan & Carolyn Y. Johnson, *Coronavirus May Never Go Away, Even with a Vaccine*, Washington Post (May 27, 2020), *available at* https://www.washingtonpost.com/health/2020/05/27/coronavirus-endemic/ (last

visited June 11, 2020).   The coronavirus cannot permanently halt this prosecution.

      4.      So, although framed as a motion to continue, Mr. Dallmann's request actually is that the Court cede control of its docket.   If Mr. Dallmann has his way, then he will be the one to decide when motions hearings will occur, when Mr. Jaurequi's pretrial release violations will be heard, when Mr. Dallmann's own pretrial release violations will be heard, whether and when he will comply with his pretrial services officer, whether and when Mr. Jaurequi will comply with his pretrial services officer, and even when trial will commence.

      5.      Putting aside the absurdity of a defendant controlling the docket, Mr. Dallmann's request is highly problematic in two ways.   First, Mr. Dallmann has demonstrated an unwillingness to raise his health concerns in a timely manner to the Court's attention. ▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆   And, neither defendant bothered to advise the Court or the government of the need for a continuance until June 8, 2020.

      6.      ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ He also refuses requests from his pretrial services officer to provide his medical records. ▆▆▆▆▆▆ ▆▆▆▆▆ we doubt Mr. Dallmann will ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

███████████ or timely notify the Court of when he believes his health allows for travel to Alexandria.

7. It is unsurprising that Mr. Dallmann and Mr. Jaurequi are in no rush for this case to move forward. This is because, as detailed in the government's Motion to Compel, Dkt. 290, they have exempted themselves from any meaningful pretrial supervision. The defendants seem to believe that they can do as they please and this Court will not impose any meaningful consequences. Yes, they both are facing hearings on their pretrial release violations. But, they know that so long as they keep finding ways to kick the can down the road then they can go about their lives as if this case does not exist. A health condition, however, is not a license to disregard court orders. *Cf. United States v. Scott*, No. 12-CR-20066, 2012 U.S. Dist. LEXIS 105332, at *8-9 (D. Kan. July 30, 2012) (denying motion for review of detention and finding that although the defendant had breast cancer, she was a danger to the community); *United States v. Kasim*, No. 2:07-CR-56, 2010 WL 3655876, at *3-4 (N.D. Ind. Sept. 13, 2010) (denying motion for review of revocation where the defendant, who had Stage IV lung cancer, was fully functioning despite his diagnosis and was "unlikely to abide by conditions that any pretrial release would require").

8. Accordingly, the government asks this Court to not cede control over its docket and hold the June 19, 2020 hearings as scheduled. Although the government has questions about Mr. Dallmann's claimed health condition and Mr. Jaurequi's claimed caregiver role, it is willing to change its position on Mr. Dallmann's remote appearance for June 19, 2020, in the interest of advancing this case and would consent to Mr. Dallmann's appearance from Las Vegas.

9. The government understands that Mr. Dallmann claims to lack internet service at

his residence, but it is not as though internet service is difficult to acquire in a week's time. Mr. Dallmann's counsel is perfectly capable of working with others in Las Vegas (such as the Federal Public Defender's Office) to secure a temporary internet hotspot for Mr. Dallmann's use, or, in the alternative, traveling to Mr. Dallmann's residence and providing a hotspot herself. (The government assumes Mr. Dallmann's counsel would want to be in the same room as Mr. Dallmann anyway.)

(CONTINUED ON NEXT PAGE)

10. In sum, this Court should not tolerate unmeritorious requests for open-ended delays and disregard for its rulings. It is time for this case to advance to a conclusion. The Court set June 19, 2020 as the date to resolve several important matters. The Court should keep that date, and make clear to the defendants the consequences of failing to appear: a motions hearing that proceeds without them and an arrest warrant that issues for Mr. Jaurequi.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: <u>June 12, 2020</u>    By:    /s/
Alexander P. Berrang
Monika Moore
William Fitzpatrick
Assistant United States Attorneys
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3769
Fax: 703-299-3981
Email: Alexander.P.Berrang@usdoj.gov

By:    /s/
Matthew A. Lamberti
Special Assistant United States Attorney, Eastern District of Virginia
Senior Counsel,
Computer Crime and Intellectual Property Section
United States Department of Justice
1301 New York Avenue, NW, Suite 600
Washington, DC 20530
Phone: (202) 514-1026
Email: Matthew.Lamberti@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By: /s/
Alexander P. Berrang
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3769
Fax: 703-299-3981
Email: Alexander.P.Berrang@usdoj.gov