IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | )   Criminal No. 1:19-CR-253 |
| | ) |
| KRISTOPHER LEE DALLMANN, *et al.*, | ) |
| Defendants. | ) |

### ORDER

In this criminal copyright infringement matter, a consolidated hearing is currently scheduled for Friday, June 19, 2020 at 11:00 a.m. on the government's Renewed Motion Requesting Confirmation of Waiver of Attorney-Client Privilege, defendant Kristopher Dallmann's Motion to Suppress Statements and Evidence, and defendant Jared Edward Jaurequi's Motion to Suppress Statements and Evidence. A hearing on a third petition related to defendant Jared Edward Jaurequi's failure to comply with conditions of pretrial release and the addenda to that petition has also been scheduled for Friday, June 19, 2020 at 11:00 a.m.

Defendant Dallmann has moved to continue the June 19, 2020 consolidated hearing. Defendant Jaurequi has advised the Court that defendant Jaurequi does not intend to comply with the summons requiring him to appear at the hearing on his alleged violations of pretrial release that is scheduled for June 19, 2020. The government opposes defendant Dallmann's motion to continue the June 19, 2020 hearing, arguing that defendants Dallmann and Jaurequi essentially ask the Court to cede control of its docket. The government requests that the Court deny defendant Dallmann's Motion to Continue Hearing, advise defendant Dallmann to make arrangements to appear in person or by video conference at the June 19, 2020 hearing, and advise defendant Jaurequi that he must appear in person at the June 19, 2020 hearing.

1

To be sure, the government is correct that defendants Dallmann and Jaurequi are improperly attempting to halt the proceedings in this matter. But under these circumstances, it is sensible and more efficient to continue the matters scheduled for Friday, June 19, 2020 at 11:00 a.m. to Friday, July 10, 2020 at 10:00 a.m. so that all of these matters may be addressed at the same time with both defendant Jaurequi and defendant Dallmann present in the Eastern District of Virginia. Specifically, the following matters will be scheduled for July 10, 2020, at 10:00 a.m.: (1) the government's Renewed Motion Requesting Confirmation of Waiver of Attorney-Client Privilege, (2) defendant Kristopher Dallmann's Motion to Suppress Statements and Evidence, (3) defendant Jared Edward Jaurequi's Motion to Suppress Statements and Evidence, (4) the hearing on the third petition for action on conditions of defendant Jaurequi's pretrial release and its addenda, and (5) the hearing on the petition for action on conditions of defendant Dallmann's pretrial release. Defendant Dallmann and his counsel and defendant Jaurequi and his counsel must advise the Court in pleadings filed no later than 5:00 p.m. on Friday, June 19, 2020 whether defendants Dallmann and Jaurequi intend to appear voluntarily in the Eastern District of Virginia on July 10, 2020. In the event a defendant and his counsel indicate in a pleading that the defendant will not voluntarily appear in the Eastern District of Virginia for the July 10, 2020 hearing, a bench warrant will issue for his arrest and he will be transported to this District for the July 10, 2020 hearing.

As the government has pointed out, there is ample evidence in the record demonstrating that defendants Jaurequi and Dallmann have disregarded the conditions of pretrial release imposed upon them. It is appropriate to review briefly defendants' failure to comply with the conditions of their pretrial supervision. Defendants Dallmann and Jaurequi are married and reside together in Las Vegas, Nevada. Defendants' conditions of pretrial release require, among

other things, that defendants submit urine specimens at the direction of the Pretrial Services Office in the District of Nevada. On December 6, 2019 and January 10, 2020, defendant Jaurequi was found in violation of his conditions of pretrial release and, on both occasions, defendant Jaurequi was remanded to the custody of the United States Marshals Service. On February 12, 2020, the Pretrial Services Office filed a third petition for action on conditions of defendant Jaurequi's supervised release. An addendum to the third petition for action on defendant Jaurequi's conditions of pretrial release was filed on March 9, 2020. To date, no hearing has been held on the third petition for action on defendant Jaurequi's conditions of pretrial release and its March 9, 2020 addendum.

In May 2020, both defendants refused to submit urine specimens as directed by the Pretrial Services Office and expressed concerns about the risks presented by COVID-19. Orders dated May 12, 2020 required defendant Dallmann and defendant Jaurequi to provide urine specimens as directed by the Pretrial Services Office and made clear that the contractor facility used by the Pretrial Services Office for drug testing observed appropriate social distancing safeguards. The May 12, 2020 Orders warned defendants that failure to comply would result in issuance of a summons or a bench warrant.

Since May 12, 2020, defendant Dallmann and defendant Jaurequi have continued to refuse to submit urine specimens as directed by the Pretrial Services Office. Pursuant to a May 22, 2020 petition for action on conditions of defendant Dallmann's pretrial release, a summons issued requiring defendant Dallmann to appear at a hearing on July 10, 2020 to address defendant Dallmann's non-compliance with the conditions of his pre-trial supervision. Pursuant to a May 29, 2020 addendum to the third petition for action on defendant Jaurequi's conditions of pretrial release, a summons issued requiring defendant Jaurequi to appear at a hearing on June

3

19, 2020 to address defendant Jaurequi's continued non-compliance with the conditions of his pretrial supervision. A May 29, 2020 Order directed defendant Jaurequi and his counsel to indicate by June 5, 2020 whether defendant Jaurequi intended to comply with the summons and appear at the June 19, 2020 hearing. On June 5, 2020, defendant Jaurequi's counsel indicated that defendant Jaurequi would not comply with the summons.

Defendant Dallmann and defendant Jaurequi's failure to comply with the Pretrial Services Office's directions is not limited to their refusal to provide urine specimens as directed. Indeed, as the government has explained, defendants Dallmann and Jaurequi have failed to comply with basic requests to provide medical information and participate in supervision via videoconference. Further refusal to comply with the conditions of pretrial release will result in the issuance of a bench warrant.

Prior to the July 10, 2020 hearing, counsel for defendant Dallmann must comply with the Department of Justice's regulations promulgated pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The record reflects that counsel for defendant Dallmann has been aware of these regulations since at least March 10, 2020. *See* Defendant's Motion to Continue Hearing on the Government's Renewed Motion Requesting Confirmation of Waiver of Attorney Client Privilege. It is well-settled that failure to comply with applicable Touhy regulations results in a subpoena being quashed. *See United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994); *see also United States v. Rosen*, 520 F. Supp. 2d 802, 809 n. 14 (E.D. Va. 2007).

Defendants Courson, Garcia, Huber, and Vaillant may either appear in-person at the July 10, 2020 hearing or waive their appearance at the July 10, 2020 hearing by filing a pleading through counsel on or before Wednesday, July 8, 2020.

Accordingly,

It is hereby **ORDERED** that defendant Dallmann's Motion to Continue (Dkt. 286) is **GRANTED IN PART** insofar as the following hearings are **SCHEDULED** for **July 10, 2020 at 10:00 a.m.**: (1) the government's Renewed Motion Requesting Confirmation of Waiver of Attorney-Client Privilege (Dkt. 197), (2) defendant Kristopher Dallmann's Motion to Suppress Statements and Evidence (Dkt. 242), (3) defendant Jared Edward Jaurequi's Motion to Suppress Statements and Evidence (Dkt. 275), and (4) the hearing on the third petition for action on conditions of defendant Jaurequi's pretrial release and its addenda (Dkts. 199, 221, 264) (5) the hearing on the petition for action on conditions of defendant Dallmann's pretrial release (Dkt. 257).

It is further **ORDERED** that defendant Dallmann and his counsel and defendant Jaurequi and his counsel are **DIRECTED** to advise the Court in pleadings filed no later than **5:00 p.m. on Friday, June 19, 2020** whether defendants Dallmann and Jaurequi intend to appear voluntarily in the Eastern District of Virginia on July 10, 2020. In the event a defendant and his counsel indicate in a pleading that the defendant will not voluntarily appear in the Eastern District of Virginia for the July 10, 2020 hearing, a bench warrant will issue for his arrest and he will be transported to this District for the July 10, 2020 hearing.

It is further **ORDERED** that counsel for defendant Dallmann is **DIRECTED** to comply with the Department of Justice's Touhy regulations to obtain the testimony of Department of Justice employees at the July 10, 2020 hearing.

It is further **ORDERED** that defendants Courson, Garcia, Huber, and Vaillant are **DIRECTED** to appear in-person at the July 10, 2020 hearing or waive their appearance at the July 10, 2020 hearing by filing a pleading through counsel on or before **Wednesday, July 8, 2020.**

The Clerk is directed to send a copy of this Order to all counsel of record, the United States Marshals Service, the Probation Office, and the Pretrial Services Office.

Alexandria, Virginia
June 12, 2020

/s/
T. S. Ellis, III
United States District Judge