IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, and | |
| JARED EDWARD JAUREQUI, a/k/a Jared Edwards, | |
| *Defendants*. | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT DALLMANN'S
AND DEFENDANT JAUREQUI'S MOTION FOR RECONSIDERATION**

As the Court has noted in previous orders, Defendants Kristopher Lee Dallmann and Jared Edward Jaurequi, for months, have refused to comply with the conditions of their pretrial release. This is so despite the Court detaining Mr. Jaurequi twice, issuing orders finding an off-site drug testing facility was taking appropriate health measures and directing Mr. Dallmann and Mr. Jaurequi to report for drug testing, and scheduling multiple pretrial release violation hearings. As a result, on July 9, 2020 the Court issued bench warrants for the defendants, and on July 16, 2020 they were arrested in Las Vegas, Nevada.

The defendants now have filed a joint motion asking this Court to reconsider the issuance of those executed bench warrants. The Court should deny this request for four reasons. First, the defendants' joint motion does not address the core basis for the bench warrants: their continuous refusal to comply with the conditions of their pretrial release. Second, the defendants' motion does not mention that they apparently resisted arrest at the time the U.S. Marshals executed the Court's bench warrants. Third, a careful reading of the defendants' joint

motion reveals that the defendants' failure to appear at the hearings set for July 9, 2020 was willful. Fourth, as explained in the government's separately filed motion for issuance of a subpoena pursuant to Rule 17 of the Federal Rules of Criminal Procedure, American Airlines has provided preliminary information indicating that the defendants never intended to travel to Alexandria, Virginia.

      In support of this Opposition, the government states as follows:

      1.      On July 20, 2020, U.S. Magistrate Judge Elayna J. Youchah of the District of Nevada held initial appearances pursuant to Rule 5(c)(3) of the Federal Rules of Criminal Procedure for the defendants. Mr. Jaurequi requested a continuance of the detention hearing to July 24, 2020, and his motion was granted. Mr. Dallmann, conversely, proceeded with a detention hearing, which resulted in him being detained, and Magistrate Judge Youchah directing the U.S. Marshals to transport Mr. Dallmann to the Eastern District of Virginia forthwith. (*See United States v. Dallmann*, 2:20-mj-594, Dkt. 4 & 5.)

      2.      As an initial matter, the defendants' joint motion fails to address the basis for the bench warrants. The gist of the defendants' argument for reconsideration is that they were unable to travel to Alexandria due to circumstances beyond their control and they should be given another opportunity to travel voluntarily to the next hearing. Yet, the Court did not issue the bench warrants solely on the basis of the defendants' non-appearance on July 9, 2020. In fact, the Court observed that, while "the record in this case . . . invite[s] . . . an inference" that "the defendants are using health concerns to avoid the consequences of their refusal to comply with the conditions of pretrial supervision," the Court was not drawing a conclusion as to "whether [the] defendants ever intended to appear at the July 9, 2020 hearings." (July 9, 2020 Order at 2, Dkt. 358.) The Court explained that it was issuing bench warrants "[i]n light of [the]

defendants' refusal to comply with the conditions of their pretrial supervision." (*Id.* at 5.)

3. Nothing in the defendants' joint motion rebuts their lengthy history of non-compliance in this case. They make no mention of their non-compliance. Indeed, the defendants do not even represent that—if released—they will start to report for drug testing, participate in video conferencing, provide medical and mental health information, and otherwise follow the directions of their pretrial release officers. The defendants' track record of non-compliance and their seeming unwillingness to provide assurances that they will change their behavior provide reason enough to not revoke the bench warrants that this Court has issued.

4. Information the government has received regarding the execution of the arrest warrants provides another reason to doubt that the defendants—should they be discharged—will suddenly begin to comply with the conditions of their pretrial release. The government has not yet spoken directly with the U.S. Marshals who participated in the arrests of the defendants. But, it is the government's understanding that the U.S. Marshals were forced to break down a door in order to arrest Mr. Dallmann. And, with respect to Mr. Jaurequi, it is the government's understanding that the Marshals had to use a police dog in connection with his arrest. Worse, the Marshals apparently found Mr. Jaurequi at Defendant Douglas Courson's house despite Mr. Jaurequi having been ordered not have contact with Mr. Courson. (Order Setting Conditions of Release at 2, Dkt. 63). If the Marshals had to resort to such measures to apprehend the defendants, then it is reasonable to doubt that the defendants are prepared to start complying with the Court's orders or willing to appear in this District on their own accord.

5. Another problem with the defendants' motion for reconsideration is that their own proffered facts suggest that their failure to appear for the July 9 hearing was willful. The defendants state that "American Airlines requires passengers to submit to health screening

questions before they issue boarding passes." (Defs' Joint Mot. at 2, Dkt. 364.) But then, after citing a possible COVID-19 question for passengers mentioned on American Airlines's website, the defendants oddly use the conditional tense to state that *if* the defendants were asked that question then they "*would not have* passed the health screening and *would not be allowed* to fly." (*Id.* (emphasis added).) Did American Airlines subject the defendants to a "health screening," and bar the defendants from flying based on that "health screening" or not? The defendants appear to provide the answer themselves: they "disclosed they had a recent COVID-19 test on July 1, however, the results were still pending." (*Id.*) So, it appears that the defendants went to the Las Vegas airport, announced that they had taken a COVID-19 test, and then were not permitted to board their flight.

6. The government is unaware of any requirement by American Airlines for passengers to take a COVID-19 test or receive the results of such a test before flying. Moreover, there is no evidence that American Airlines bars passengers who—because of certain preexisting conditions—may be especially susceptible to infection. Moreover, just two days before the defendants went to the airport to fly to this District, the Court *rejected* Mr. Dallmann's renewed motion to continue the July 9 hearing, in which Mr. Dallmann argued that he had been tested for COVID-19 and was advised to quarantine until he received a negative test result. In fact, the Court specifically ruled that Mr. Dallmann's "potential vulnerability to COVID-19 [does] not excuse him from attending the hearing . . . ." (Order at 5, Dkt. 358.) Thus, the defendants' decision to volunteer to American Airlines that they had taken a COVID-19 test greatly undercuts their claim that they were willing to travel to Alexandria, as required by the Court.

7. Finally, the government has received preliminary information from American

Airlines indicating that the defendants never intended to board their flight from Las Vegas. As explained in more detail in the government's separate motion requesting issuance of a subpoena pursuant to Rule 17 of the Federal Rules of Criminal Procedure, American Airlines has advised the Federal Bureau of Investigation that—according to its records—the defendants seemed to approach one or more American Airlines representatives at the Las Vegas airport on July 8, 2020. The defendants apparently did not have any bags with them, but they did have letters in hand. The defendants reportedly announced that they had been tested for COVID-19, and indicated that the letters in their hands concerned their COVID-19 tests. In addition, the defendants reportedly requested the name of an American Airlines supervisor, stating that their lawyers would want this information.

8. If this preliminary information proves accurate, then the defendants engaged in a premeditated effort to deceive this Court, willfully failed to appear at the July 9 hearing, and intentionally obstructed and impeded the proceedings in this case. In fact, it suggests that the defendants manufactured the circumstances by which they were prevented from flying to this District. This information, if accurate, also directly contradicts the claim in the defendants' joint motion that they "packed their bags and attempted to fly to the District for the July 9 hearings." (Defs.' Joint Mot. at 2.) Accordingly, such conduct is not only contemptuous but also demonstrates a total disregard for the time and resources of the Court, the Court's staff, witnesses, defense counsel, and government counsel.

In sum, the defendants' motion for reconsideration is meritless. The defendants have a long track record in this case of non-compliance, and nothing in their motion suggests that they are now willing to abide with the conditions of their pretrial release. Indeed, the facts proffered by the defendants (particularly when combined with the preliminary information received from

American Airlines) strongly suggest that the defendants are actively attempting to deceive this Court.[1]

                                  Respectfully submitted,

                                  G. Zachary Terwilliger
                                United States Attorney

Date: July 22, 2020        By:          /s/
                                Alexander P. Berrang
                                Monika Moore
                                William Fitzpatrick
                                Assistant United States Attorneys
                                U.S. Attorney's Office
                                2100 Jamieson Avenue
                                Alexandria, Virginia 22314
                                Tel: 703-299-3769
                                Fax: 703-299-3981
                                Email: Alexander.P.Berrang@usdoj.gov


                          By:          /s/
                                Matthew A. Lamberti
                                Special Assistant United States Attorney,
                                    Eastern District of Virginia
                                Senior Counsel,
                                Computer Crime and Intellectual Property Section
                                    United States Department of Justice
                                1301 New York Avenue, NW, Suite 600
                                Washington, DC 20530
                                Phone: (202) 514-1026
                                Email: Matthew.Lamberti@usdoj.gov

---

[1] The government notes that it does not believe that defense counsel for either defendant was aware of, or aided, the defendants' efforts to violate the Court's orders and improperly delay these proceedings.   The government, likewise, in no way means to suggest through this filing that defense counsel has made knowingly inaccurate representations.   The government believes the assertions in the joint motion, such as the claim that the defendants "packed their bags" for the flight, is based on information provided by the defendants that defense counsel believes to be accurate.

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:    /s/
Alexander P. Berrang
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: Alexander.P.Berrang@usdoj.gov