IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KRISTOPHER LEE DALLMANN,<br><br>JARED EDWARD JAUREQUI,<br><br>a/k/a Jared Edwards<br><br>*Defendants*. | Crim. No. 1:19-CR-253<br><br>The Honorable T.S. Ellis, III |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION
TO PERMIT REMOTE APPEARANCE OF DEFENSE WITNESSES**

On September 17, 2020, the Court will hold a hearing on government and defense motions relating to Defendants Kristopher Lee Dallmann and Jared Edward Jaurequi. The defendants have filed a motion asking the Court to permit two witnesses, Carol Fultz and Jacob Donnenberg, to appear remotely at the hearing. (Dkt. 391.) The government opposes this motion for the following reasons:

1.  As an initial matter, defense counsel states in their motion that they "conferred with the government and the government objects to the motion." (*Id.*, at 1.) That is not completely accurate. On July 7, 2020, counsel for Mr. Dallmann asked if the government objected to two witnesses testifying at the upcoming motions hearing by Zoom. Government counsel responded by stating that we could not formulate a position without knowing who the witnesses were or the general substance of their testimony. Subsequently, Mr. Dallmann's counsel declined to provide that information. The defendants' filing on August 27, 2020 is the first time the defendants have disclosed the identity of any witnesses who wish to appear remotely. (*Id.*) In contrast, the

government has provided the defendants with the identity of government witnesses as well as detailed reports describing what we expect the government witnesses would say at the motions hearing.

2. At a hearing held on July 9, 2020, the Court ruled that it would permit witnesses to appear remotely unless the nature of their testimony would require the Court to render a credibility determination. The government understands that Ms. Fultz and Mr. Donnenberg may be neighbors of the defendants, and we expect to cross-examine the witnesses on—among other things—their bias, interest, and motive. In the government's view, a real concern exists that the defendants may be using these individuals to bolster the false narrative that they have outlined in their earlier filings about being "detained," "in custody," and "coerced." Accordingly, it makes sense for these individuals to appear in open court, offer their testimony, and be subject to cross-examination, thus allowing the Court a full opportunity to assess if they are telling the truth.

3. The government also expects to cross-examine Ms. Fultz and Mr. Donnenberg on the basis of their knowledge. The vast majority of the interactions among the defendants and law enforcement that are in dispute occurred in the defendants' residence. Thus, it is difficult to imagine how Ms. Fultz and Mr. Donnenberg—who were not present in the defendants' house during the search or interviews—had the opportunity to see and hear what was happening in that enclosed space. Were they peering through the defendants' windows? Standing in their yard or on the street and eavesdropping? The government suspects that much, if not, all of Ms. Fultz's and Mr. Donnenberg's testimony would be based on hearsay conversations with the defendants. And, as noted in the government's previous filings regarding the search of the defendants' residence and the interviews with them, many of the defendants' asserted claims in their filings contradict the statements of other witnesses, the defendants' own contemporaneous communications, and additional extrinsic evidence.

4. The defendants claim that Ms. Fultz and Mr. Donnenberg "desire to testify remotely" because of "their inability to travel from Nevada to the District." (*Id.*, at 1.) However, they do not explain how or why these individuals are "unable" to fly to Alexandria. The Court should not excuse a witness's physical appearance in court merely because defense counsel claims—with no supporting facts—that the witness cannot appear in person.

5. Finally, the government notes that the defendants' request stands in stark contrast to the government's August 28, 2020 motion to permit the remote appearance of witnesses. (Dkt. 395.) The government has not sought to permit the remote testimony of any witness needed for the September 17, 2020 motions hearing. The government has sought this relief only for the September 18, 2020 hearing on bond revocation, which raises significantly different issues than the motions hearing (specifically, issues involving the defendants' lack of compliance with the Court's pretrial release order) and is not directly relevant to matters of proof and defenses at the defendants' upcoming trial. Moreover, unlike the defendants, the government has asked for remote appearances of only court employees and a civilian witness who has identified significant health risks arising from unnecessary travel. Moreover, that civilian witness (an airline desk employee) does not know the defendants personally and only encountered them briefly as part of her job.

In short, the defendants have failed to justify why Ms. Fultz and Mr. Donnenberg are "unable" to travel and must testify remotely. In addition, given possible issues of bias, interest, motive, credibility, and basis of knowledge relating to the witnesses' testimony on matters that could be significant at the defendants' January 2021 trial—as well as the defendants' general conduct in this case—it makes sense to require Ms. Fultz's and Mr. Donnenberg's presence in the witness box in Alexandria to allow a full assessment of the value, if any, of their testimony.

Accordingly, the government respectfully requests that the Court deny the defendants' motion to permit the remote appearance of Carol Fultz and Jacob Donnenberg at the September 17, 2020 motions hearing.

Respectfully submitted,

Date:  August 31, 2020

G. Zachary Terwilliger
United States Attorney

_____/s/_____
Matthew A. Lamberti
Special Assistant United States Attorney,
  Eastern District of Virginia
Senior Counsel,
  Computer Crime and Intellectual Property Section
United States Department of Justice
1301 New York Avenue, NW, Suite 600
Washington, DC 20530
Phone: (202) 514-1026
Email: Matthew.Lamberti@usdoj.gov

_____/s/_____
Alexander P. Berrang
Monika Moore
William E. Fitzpatrick
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Alexander.P.Berrang@usdoj.gov
Email: Monika.Moore4@usdoj.gov
Email: William.Fitzpatrick@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) of the foregoing to the attorneys for the defendants.

By: _____/s/_____
Matthew A. Lamberti
Special Assistant United States Attorney,
  Eastern District of Virginia
Senior Counsel,
  Computer Crime and Intellectual Property
Section United States Department of Justice
1301 New York Avenue, NW, Suite
600 Washington, DC 20530
Phone: (202) 514-1026
Email: Matthew.Lamberti@usdoj.gov