IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:19-CR-253** |
| | ) | |
| **KRISTOPHER LEE DALLMANN,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

This matter comes before the Court on the Government's Motion *in Limine* to Exclude and Limit Certain Arguments, Lines of Questioning, and Evidence at Trial (Dkt. 272). In its Motion, the government moves to exclude arguments, lines of questioning, and evidence at trial related to:

(1) any of the defendants' mental or physical health conditions;

(2) the potential punishment defendants will face if convicted;

(3) any self-serving hearsay statements made by defendants to law enforcement officers;

(4) any argument that the government is unlawfully selectively prosecuting defendants.

*See* Gov't Mot. *in Limine*, June 5, 2020, Dkt. 272.

For the reasons stated below and stated from the Bench at the September 18, 2020 hearing, government's Motion *in Limine* is granted.

The government first moves to exclude evidence related to any of the defendants' mental or physical health conditions. As the government acknowledges, evidence of a defendant's physical or mental health is relevant and can be admitted if it is used to prove that the defendant lacked the necessary *mens rea*. However, absent such a usage, the only purpose for introducing such evidence is to appeal to the jury's sympathy, and this evidence is therefore unfairly

1

prejudicial and impermissible under Rule 403. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (explaining that evidence is unfairly prejudicial when it has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"). Thus, evidence concerning any of the defendants' mental and physical health must be excluded.

The government next moves to exclude evidence related to the potential punishment defendants will face if convicted. It is well established that, "when a jury has no sentencing function," it must "reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States,* 422 U.S. 35, 40 (1975). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task." *Shannon* 512 U.S. at 579. Thus, evidence regarding the potential punishment defendants will face if convicted must be excluded.

The government further moves to exclude evidence that includes self-serving hearsay. Hearsay is admissible only if it fits within an exception to the general rule against hearsay. Fed. R. Evid. 802. As the Fourth Circuit has explained, "[w]hether self-serving, neutral, or disserving, a hearsay statement that does not fit within one of the exceptions to the hearsay rule is inadmissible, and the reverse is true." *Chestnut v. Ford Motor Co.*, 445 F.2d 967, 972 (4th Cir. 1971). Moreover, the Fourth Circuit has held that self-serving hearsay is not admissible under the rule of completeness even when made contemporaneously with inculpatory statements. "[T]he rule of completeness does not 'render admissible . . . evidence which is otherwise inadmissible under the hearsay rules.' Nor does the rule of completeness 'require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party.'" *United States v. Hassan*, 742 F.3d 104, 134 (4th Cir. 2014) (quoting *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir.2008)) (internal citations omitted). Self-serving hearsay

statements by the defendants must therefore be excluded.

Finally, the government moves to exclude evidence related to any argument that defendants are being selectively prosecuted. The government argues that any such evidence would be irrelevant and inadmissible under Rule 403. This is convincing. In the persuasive case of *United States v. Oldbear*, the Tenth Circuit affirmed a district court's barring of testimony in support of an "everybody-does-it" defense. 568 F.3d 814 (10th Cir. 2009). The Tenth Circuit held that witnesses' testimony that they, like Oldbear, had been beneficiaries of improper conduct "was a sideshow from which the jury could have gleaned little valuable information." *United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009). Because any evidence related to the argument that defendants are being selective prosecuted risks creating a sideshow that could confuse or distract the jury with minimal, if any, probative value, any such evidence must also be excluded.

Accordingly, it is proper to exclude at trial any arguments, lines of questioning, and evidence related to (1) any of the defendants' mental or physical health conditions; (2) the potential punishment defendants face if convicted; (3) any defendants' effort to elicit self-serving hearsay statements any defendants made to government law enforcement agents; and (4) any argument that the government is unlawfully selectively prosecuting defendants. In the event that any defendant wishes to proffer evidence or elicit testimony related to these areas based on a ground not previously argued, that defendant must first approach the Bench and seek the Court's permission before seeking to proffer evidence or elicit testimony on these subjects.

Accordingly, for the reasons stated here and the reasons stated from the Bench at the September 18, 2020 hearing,

It is hereby **ORDERED** that government's Motion *in Limine* to Exclude and Limit

Certain Arguments, Lines of Questioning, and Evidence at Trial (Dkt. 272) is **GRANTED**.

It is further **ORDERED** that in the event that any defendant wishes to offer or elicit evidence or testimony on the subjects excluded by this Order on a basis not previously argued, that defendant must first approach the Bench and seek the Court's permission to do so.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
September 23, 2020

/s/
T. S. Ellis, III
United States District Judge